UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>VIDLER WATER RESOURCES, INC., DOROTHY A. TIMIAN-PALMER, MAXIM C.W. WEBB, NICOLE L. WEYMOUTH, ERIC H. SPERON, and GREGORY E. BYLINSKY,<br><br>　　　　　　　　　Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Christopher Taylor ("Plaintiff"), alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1.　Plaintiff brings this action against Vidler Water Resources ("Vidler" or the "Company") and Vidler's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. § 240.14d-9, arising out of the Board's attempt to sell the Company to D.R. Horton through its wholly-owned subsidiary, Potable Merger Sub, Inc. (collectively "Horton").

2.　Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading solicitation statement (the "14D-9") to be filed with the Securities and Exchange Commission ("SEC") on April 27, 2022. The 14D-9 recommends that Vidler stockholders tender their shares in favor of a proposed transaction (the "Proposed Transaction") whereby Vidler is acquired by Horton. The Proposed Transaction was

1

first disclosed on April 14, 2022, when Vidler and Horton announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Horton will acquire all of the outstanding shares of common stock of Vidler for $15.75 per share (the "Merger Consideration"). The deal is valued at approximately $291 million and is expected to close in the second calendar quarter of 2022.

3. The 14D-9 is materially incomplete and contains misleading representations and information in violation of Sections 14(e) and 20(a) of the Exchange Act. Specifically, the 14D-9 contains materially incomplete and misleading information concerning the financial projections prepared by Vidler management, the financial analyses conducted by Kroll LLC (Duff & Phelps Opinion Practice) ("Duff & Phelps"), Vidler's financial advisors, the background of the Proposed Transaction, and potential conflicts of interest faced by Duff and Phelps and Company insiders.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing any amendment to the 14D-9, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Vidler's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Vidler.

6. Defendant Vidler is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 3480 GS Richards Blvd, Suite 101, Carson City, Nevada 89703. Vidler common stock trades on the Nasdaq Global Select

Market under the ticker symbol "VWTR."

7.      Defendant Dorothy A. Timian-Palmer has been President, Chief Executive Officer, and a director of the Company since 2018.

8.      Defendant Maxim C.W. Webb has been a director of the Company since 2016. Defendant Webb has served as Executive Chairman of the Board since 2018 and as Chief Financial Officer since 2019. Defendant Webb previously served as President, CEO and Chairman of the Board.

9.      Defendant Nicole L. Weymouth has been a director of the Company since 2018.

10.     Defendant Eric H. Speron has been a director of the Company since 2016.

11.     Defendant Gregory E. Bylinsky has been a director of the Company since 2017.

12.     Nonparty Horton is a corporation organized and existing under the laws of Delaware. Horton's principal executive offices are located at 1341 Horton Circle, Arlington, TX 76011. Horton common stock trades on the New York Stock Exchange under the ticker symbol "DHI."

13.     Nonparty Potable Merger Sub, Inc. is a Delaware corporation and is a wholly owned indirect subsidiary of Horton.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(e) and 20(a) of the Exchange Act.

15.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this

District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

16. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

17. Vidler is a private-sector water resource company focused on the development of reliable water supplies in geographic areas lacking available water resources. Vidler provides water development solutions for end users by identifying, acquiring and developing water rights, often within fragmented agricultural markets, and over time converting these water rights to higher valued municipal and industrial uses.

18. On April 13, 2022, the Company entered into the Merger Agreement with Horton. According to the press release issued that day announcing the Proposed Transaction:

**D.R. Horton, Inc. Announces Agreement to Acquire Vidler Water Resources, Inc.**

ARLINGTON, Texas & CARSON CITY, Nev., April 14, 2022--(BUSINESS WIRE)--D.R. Horton, Inc. (NYSE: DHI) ("D.R. Horton"), America's Builder, and Vidler Water Resources, Inc. (Nasdaq: VWTR) ("Vidler") announced today that the two companies have entered into a definitive merger agreement pursuant to which D.R. Horton will acquire Vidler for $15.75 per share in an all-cash transaction which represents a 19% premium to the 90-day volume-weighted average share price and a 39% premium to Vidler's book value of equity.

Vidler owns a portfolio of premium water rights and other water-related assets in the southwestern United States in markets where D.R. Horton operates that require water for development, but face a lack of adequate supply. Vidler's highly experienced management team has a proven track record of accessing, developing and realizing value for premium water assets while expertly navigating local regulations and working with governmental entities. Post-closing, Vidler will operate as a separate operating division within D.R. Horton.

Under the terms of the merger agreement, D.R. Horton, through its directly owned acquisition subsidiary, will commence a tender offer to acquire all outstanding shares of Vidler for $15.75 per share. Upon the successful completion of the tender offer, D.R. Horton's acquisition subsidiary will be merged into Vidler, and any remaining shares of Vidler will be canceled and converted into the right to receive the same consideration payable pursuant to the tender offer. Following completion of the merger, the common stock of Vidler will no longer be listed for trading on the Nasdaq. The total equity value of the transaction is approximately $291 million, and the transaction is expected to close during the second calendar quarter of 2022 subject to customary closing conditions.

### B. The Materially Incomplete and Misleading 14D-9

19. On April 27, 2022, Vidler filed the 14D-9 with the SEC. The purpose of the 14D-9 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to tender their shares in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether or not to tender his shares in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

20. The 14D-9 discloses management-prepared financial projections for the Company which are materially misleading. The 14D-9 indicates that in connection with the rendering of its fairness opinion, Duff & Phelps reviewed "internal documents relating to the history, current operations, and probable future outlook of the Company provided by Company Management, including managements cash flow projections." Accordingly, the 14D-9 should have, but failed to, provide certain information in the projections that Vidler's management provided to the Board and Duff & Phelps.

21. Notably, the 14D-9 fails to disclose the line item entries that form the basis for the projected cash flows for each of the Company's projects. Additionally, the 14D-9 fails to disclose the projections for the "Project Potable February 2022," studied by Duff & Phelps in connection

with its fairness opinion.

### *Materially Incomplete and Misleading Disclosures Concerning Duff & Phelps' Financial Analyses*

22. With respect to Duff & Phelps' *Discounted Cash Flow Analysis*, the 14D-9 fails to disclose: (a) the approximate range of values from the discounted cash flows of each project; (b) the exact ranges of discount rates for each project; (c) the key data, inputs, and assumptions that form the basis of the 5.0% to 35.0% and 6.0% to 8.0% discount rate ranges applied by Duff and Phelps; and (d) the estimated present value of future management bonuses.

### *Materially Incomplete and Misleading Disclosures Concerning the Background of the Proposed Transaction*

23. The 14D-9 fails to disclose whether, during the sales process, any of the non-disclosure agreements entered into between the Company and interested third-parties, including without limitation, "Party A," "Party B," or any of the 22 parties that executed such non-disclosure agreements in November 2021 through January 2022, included a "don't-ask, don't-waive" standstill provision which would currently be in effect and would therefore prevent any bidders from submitting a topping bid for the Company.

24. The 14D-9 also fails to disclose whether the Company expects to compensate Duff & Phelps for any additional hourly fees, or otherwise, in connection with supporting its findings subsequent to the delivery of the fairness opinion, and, if so, to disclose the amounts of such additional fees.

25. Additionally, the 14D-9 also fails to disclose the specifics of the negotiations and discussions had between the Company's executive management and Horton concerning employment, compensation, and equity arrangements following the completion of the Proposed Transaction. The 14D-9 also fails to state whether any Horton's proposals or indications of interest

mentioned retention of Vidler's management in the combined company or other financial arrangements concerning compensation and equity with the surviving corporation.

26.     This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, stockholders were not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

27.     In addition, the Individual Defendants knew or recklessly disregarded that the 14D-9 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

28.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the 14D-9 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the 14D-9 omits the material information referenced above and contains the incomplete and misleading information referenced above.

29.     Further, the 14D-9 indicates that on April 13, 2022, Duff & Phelps reviewed with the Board its financial analyses of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Vidler stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Duff & Phelps' financial analyses which has been omitted from the 14D-9, and thus knew or should have known that such information has been omitted.

30. Plaintiff is immediately threatened by the wrongs complained of herein, and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**All Defendants for Violations of Section 14(e) of the Exchange Act and Rule 14d-9**

31. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

32. Defendants have filed the 14D-9 with the SEC with the intention of soliciting Vidler stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the 14D-9, which fails to provide the material information referenced above.

33. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Vidler, were aware of the omitted information but failed to disclose such information, in violation of Section 14(e).

34. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. . . ." 15 U.S.C. § 78n(e).

35. Specifically, and as detailed above, the 14D-9 violates Section 14(e) and Rule 14d-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Vidler shares and the financial analyses performed by the Duff & Phelps in support of

8

their fairness opinions; and the (iii) background process leading to the Proposed Transaction.

36. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the 14D-9 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the 14D-9 states that the Board reviewed and discussed Duff & Phelps' financial analyses during various meetings including on April 13, 2022, and further states that the Board considered Duff & Phelps' financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the 14D-9, rendering the sections of the 14D-9 identified above to be materially incomplete and misleading.

37. The misrepresentations and omissions in the 14D-9 are material to Plaintiff, who will be deprived of his right to make an informed decision whether to tender his shares if such misrepresentations and omissions are not corrected prior to the end of the tender offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

38. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Vidler within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of Vidler and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to the time the 14D-9 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the 14D-9.

42. In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The 14D-9 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

43. By virtue of the foregoing, the Individual Defendants have violated Section 20(a)

of the Exchange Act.

44.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing any amendment to the 14D-9 with the SEC unless and until Defendants agree to include the material information identified above in any such amendment;

B.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the 14D-9;

C.     In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.  Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 13, 2022                                      **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*